**STATE of Maine**

v.

**Armand MAROIS.**

Supreme Judicial Court of Maine.

Argued May 5, 1986.

Decided May 15, 1986.

Paul Aranson, Dist. Atty., Laurence Gardner, Bethanne Poliquin, (orally), Asst. Dist. Attys., Portland, for plaintiff.

Lewis A. Hoffman, (orally), Hoffman & Koch, Dunedin, Fla., P. Jane Andrews, Lewiston, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, WATHEN, GLASSMAN and SCOLNIK, JJ.

MEMORANDUM OF DECISION.

After a jury-waived trial in Superior Court (Cumberland County) defendant Armand Marois was convicted of gross sexual misconduct, 17–A M.R.S.A. § 253 (Supp. 1985–1986). On appeal he argues that the trial justice applied the wrong standard to determine whether the four-year-old prose-cutrix was competent to testify. As we have previously stated, M.R.Evid. 601 is the exclusive standard to be used to determine the competence of a witness to testify. *See State v. Vigue,* 420 A.2d 242, 246 (Me.1980). Therefore, defendant's contention that the trial justice should have applied the pre-Rule 601 standard is plainly without merit. Considering the "totality of the voir dire" of the prosecutrix in this case, we can find no basis for holding that the trial justice abused his discretion in determining that she was competent to testify. *Id.*

The entry is:

Judgment affirmed.

All concurring.